FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 24, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM W. BASSETT, JR., <br><br> Petitioner, <br><br> v. <br><br> JAMES KEY, <br><br> Respondent. | NO. 2:20-CV-00091-SAB <br><br> **ORDER DISMISSING PETITION AS TIME-BARRED** |

BEFORE THE COURT is Petitioner's timely Response, ECF No. 10, to the Order to Show Cause why this Petition should not be dismissed as time barred, ECF No. 9. Petitioner William W. Bassett, Jr., a prisoner at the Airway Heights Corrections Center, is proceeding *pro se*; Respondent has not been served.

In his Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, Petitioner challenges his 2016 Spokane County conviction for second degree murder with a weapon enhancement. ECF No. 1 at 1-2. Petitioner claims that he was denied the right to effective assistance of trial counsel and denied the right to "equal punishment." *Id*. at 5, 7-8, 10. The Petition was filed on March 6, 2020, ECF No. 1, and the $5.00 filing fee was paid.

**ORDER DISMISSING PETITION AS TIME-BARRED --** 1

In response to the Order to Show Cause, Petitioner asks this Court to move him from his current facility, release him from prison, or reverse his murder conviction due to his underlying health conditions and the Coronavirus Disease 2019 (COVID-19) pandemic. ECF No. 10 at 3. To the extent Petitioner is challenging the conditions of his confinement and asserting violations of the Eighth Amendment, he would need to pursue an appropriate remedy in a separate civil rights action for which he would be required to pay the filing fee and to exhaust available administrative remedies before bringing such civil rights action in a federal district court. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir.1991) (claims concerning the conditions of confinement are not cognizable on habeas review).

A federal petition for writ of habeas corpus is not the appropriate vehicle for obtaining compassionate release. Rather, it is the mechanism by which a state prisoner may challenge the constitutionality of his conviction or sentence. *See Preiser v. Rodriguez,* 411 U.S. 475, 489-90 (1973). Petitioner is free to seek compassionate release from the Washington State Department of Corrections or the Spokane County court in which he was convicted. This Court, however, is not authorized to grant Petitioner compassionate release.

**FEDERAL LIMITATIONS PERIOD**

As stated in the previous Order, a prisoner must seek federal habeas relief within one year after direct appellate review concludes or the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A). ECF No. 9 at 2. Petitioner does not dispute that the date of his judgment of conviction was June 8, 2016, or that the one-year period of limitation to file a federal habeas petition began to run thirty days after that date, on July 8, 2016, and expired on July 8, 2017. *Id.*

Because the Washington State Supreme Court denied review of Mr. Bassett's Personal Restraint Petition filed on April 17, 2019 on the basis of untimeliness on February 3, 2020, ECF No. 1-2 at 23, it did not toll the federal

**ORDER DISMISSING PETITION AS TIME-BARRED --** 2

limitations period which expired on July 8, 2017. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's [state] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."). ECF No. 9 at 3-4. Petitioner has provided no reason to delay the running of the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

Although granted the opportunity to do so, Petitioner offers no basis to equitably toll the federal limitations period in this action. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Instead, he asks the Court to "over[]rule" the one-year statute of limitations. ECF No. 10 at 1. Petitioner requests that the Court allow him to proceed with his habeas corpus petition despite his failure to timely file, citing his "lengthy terminal disease and its subsequent damages to [his] immune system" and overall health which make him susceptible to death if he were to contract COVID-19. *Id*. The Court can infer no basis to equitably toll the federal limitations period in this action.

Accordingly, for the reasons set forth in the Order to Show Cause, ECF No. 9, and taking into account Petitioner's Response to the Order to Show Cause, ECF No. 10, **IT IS ORDERED** that the Petition, ECF No. 1, is **DISMISSED with prejudice** as time-barred under 28 U.S.C. § 2244(d).

**IT IS ORDERED.** The District Court Executive shall enter this Order, enter judgment, forward copies to Petitioner and **CLOSE** the file. The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** this 24th day of July 2020.



Stanley A. Bastian
United States District Judge

**ORDER DISMISSING PETITION AS TIME-BARRED -- 3**